NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| AYLIN KAYA, a/k/a AYLIN RIVERA, a/k/a AYSE KAYA, a/k/a AYSE RIVERA, a/k/a AYSE AYLIN KAYA, a/k/a AYSE AYLIN KAYA RIVERA, <br><br> Plaintiff, <br><br> v. <br><br> CITIBANK, N.A., *et al.*, <br><br> Defendants. | CIVIL ACTION NO. 18-2709 (JLL) <br><br><br><br> OPINION |

**LINARES**, Chief District Judge

The defendants Citibank, N.A. (hereinafter, "Citibank") and Select Portfolio Servicing, Inc. (hereinafter, "SPS") jointly move pursuant to Federal Rule of Civil Procedure (hereinafter, "Rule") 12(b)(1) and Rule 12(b)(6) to dismiss the claims that are asserted against them in this action (hereinafter, "the Federal Action"). (ECF No. 24 through ECF No. 24-18; ECF No. 30.) The defendant JPMorgan Chase Bank, N.A. (hereinafter, "JPM") separately moves pursuant to Rule 12(b)(1) and Rule 12(b)(6) to dismiss the claims that are asserted against it in the Federal Action. (ECF No. 25 through ECF No. 25-18; ECF No. 29; ECF No. 29-1.) Opposition to those motions has been filed by the plaintiff, Aylin Kaya (hereinafter, "Kaya"): (1) who was represented by counsel

when the Federal Action was first brought, but who is now representing herself *pro se*; and (2) who also identifies herself as Aylin Rivera, Ayse Kaya, Ayse Rivera, Ayse Aylin Kaya, and Ayse Aylin Kaya Rivera. (ECF No. 28 through ECF No. 28-6; ECF No. 31.)

This Court resolves the motions upon a review of the papers and without oral argument. *See* L. Civ. R. 78.1(b). For the following reasons, this Court grants the motions and dismisses the amended complaint.

## I. BACKGROUND

When Kaya and her former husband (hereinafter, "the Husband") defaulted on the mortgage payments for certain property (hereinafter, "the Mortgaged Property"), a foreclosure action was brought against them in New Jersey State Court (hereinafter, "the State Foreclosure Action") in 2008 under Docket Number F-19379-08 by Citibank, which is the current holder of the mortgage. (*See* ECF No. 1 at 3; *see also* ECF No. 19-12 at 32–39 (the complaint in the State Foreclosure Action); ECF No. 24-3 at 2–9 (same).)

Neither Kaya nor the Husband filed an answer in the State Foreclosure Action. (ECF No. 19-13 at 3.) In June 2009, the New Jersey State Court entered a final judgment of foreclosure against Kaya and the Husband (hereinafter, "the State Foreclosure Judgment"). (ECF No. 19-18 at 5–7; *see also* ECF No. 24-5 at 2–4 (same).)

In December 2017, more than eight years after the State Foreclosure Judgment had been entered, Kaya moved with the assistance of counsel in New Jersey State Court to

vacate the State Foreclosure Judgment. (ECF No. 24-6 at 2–53 (Kaya's motion to vacate); ECF No. 19-13 at 2–10 (Citibank's opposition to Kaya's motion to vacate).) The New Jersey State Court denied that motion in January 2018, and in doing so rejected Kaya's arguments therein that the State Foreclosure Judgment was void, that Citibank was acting in a fraudulent manner, and that she should be granted an opportunity to bring third-party claims against JPM and SPS for fraud (hereinafter, "the January 2018 State Order"). (ECF No. 19-18 at 55–74; *see also* ECF No. 24-7 at 2–21 (same).)

Kaya's counsel then moved in New Jersey State Court for reconsideration of the January 2018 State Order and to vacate the State Foreclosure Judgment. (ECF No. 24-8 at 2–332.) The New Jersey State Court denied that motion on February 7, 2018 (hereinafter, "the February 2018 State Order"). (ECF No. 24-9 at 2–28.)

On February 14, 2018, Kaya's counsel filed another motion in New Jersey State Court to vacate the State Foreclosure Judgment. (ECF No. 24-10 at 2–74 (Kaya's motion); ECF No. 19-18 at 52–54 (Citibank's opposition thereto).)

On February 26, 2018, Kaya's counsel brought the Federal Action against Citibank, SPS (which is the servicing agent for the mortgage connected to the Mortgaged Property as of 2013), and JPM (which was the mortgage servicing agent up to 2013). (ECF No. 1 at 4, 7; *see also* ECF No. 24-1 at 11 (a brief filed by Citibank and SPS explaining same).) In that initial pleading, Kaya requested a "[d]eclaratory judgment vacating the [State Foreclosure] [J]udgment." (ECF No. 1 at 18.)

On March 2, 2018, the New Jersey State Court denied Kaya's new motion to vacate the State Foreclosure Judgment. (ECF No. 24-11 at 2–17.)

On April 5, 2018, Kaya — now proceeding *pro se* and without the assistance of counsel — moved in New Jersey State Court to stay the impending sheriff's sale of the Mortgaged Property. (ECF No. 24-12 at 2–50.) In response, the New Jersey State Court stayed the sale until June 8, 2018. (ECF No. 24-13.) Kaya then filed a second motion to stay the sheriff's sale of the Mortgaged Property (ECF No. 24-14 at 2–49), which the New Jersey State Court denied on June 21, 2018. (ECF No. 24-15.) The sheriff's sale of was conducted on June 22, 2018, and the Mortgaged Property was sold to Citibank. (ECF No. 24-1 at 11, 13; *see also* ECF No. 24-16 at 2.)

On July 12, 2018, Kaya — proceeding *pro se* — filed an approximately 180-page amended complaint with approximately 500 pages of exhibits in the Federal Action. (ECF No. 19 through ECF No. 19-18.) Kaya alleges in the amended complaint that the State Foreclosure Judgment resulted from conduct on the part of the defendants in the State Foreclosure Action that was fraudulent. (*See generally* ECF No. 19.) As to relief, Kaya asks this Court to "dismiss this foreclosure and return the house back to its owner, Aylin Kaya." (ECF No. 19 at 39; *see also id.* at 44 (requesting that this Court "throw out the foreclosure"); *id.* at 45 (same).) Kaya also asks this Court to "immediately cancel this [foreclosure] process" and "to set aside [the] foreclosure." (*Id.* at 181–82; *see also* ECF No. 28 at 13 (Kaya arguing that "[t]his foreclosure case must be dismissed"); *id.* at 16 (same).)

## II. DISCUSSION

### A. Standards

This Court is guided by the following standards in resolving the pending motions to dismiss.

#### 1. Rule 12(b)(1)

It is not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(1), because that standard has been already enunciated. *See Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (setting forth the standard; citing *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884 (3d Cir. 1977), *Petruska v. Gannon Univ.*, 462 F.3d 294 (3d Cir. 2006), and *Constitution Party of Pa. v. Aichele*, 757 F.3d 347 (3d Cir. 2014)).

#### 2. Rule 12(b)(6)

It is also not necessary for this Court to restate the standard for resolving a motion to dismiss that is made pursuant to Rule 12(b)(6), because that standard has already been enunciated. *See Palakovic v. Wetzel*, 854 F.3d 209, 219–20 (3d Cir. 2017) (setting forth the standard, and explaining *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–12 (3d Cir. 2009) (setting forth the standard, and explaining *Iqbal* and *Twombly*).

#### 3. Liberal Construction of *Pro Se* Pleadings

This Court, in addressing the instant motions to dismiss: (1) construed Kaya's

claims liberally; and (2) accepted all of Kaya's factual allegations as true, construed the claims in the light most favorable to Kaya, and considered whether Kaya may be entitled to relief in federal court under any reasonable reading of those claims. *See Kissell v. Dep't of Corrs.*, 634 F. App'x 876, 878–79 (3d Cir. 2015) (citing *Iqbal*, *Twombly*, *Erickson v. Pardus*, 551 U.S. 89 (2007), and *Phillips v. County of Allegheny*, 515 F.3d 224 (3d Cir. 2008)).

**B.    The *Rooker-Feldman* Doctrine**

This Court concludes that the Federal Action is barred by the *Rooker-Feldman* doctrine because Kaya seeks to avoid: (1) the State Foreclosure Judgment; (2) the January 2018 State Order, which denied her motion to vacate the aforesaid State Foreclosure Judgment; and (3) the February 2018 State Order, which denied her motion to reconsider the January 2018 State Order. *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 414–16 (1923). The *Rooker-Feldman* doctrine bars this Court from adjudicating Kaya's claims because: (1) Kaya is a state court loser complaining of injuries caused by the State Foreclosure Judgment, the January 2018 State Order, and the February 2018 State Order; (2) the State Foreclosure Judgment, the January 2018 State Order, and the February 2018 State Order were all issued before the Federal Action was commenced on February 26, 2018; and (3) Kaya invites a review and a rejection of the State Foreclosure Judgment, the January 2018 State Order, and the February 2018 State Order. *See Bierley v. Abate*, 661 F. App'x 208, 209

(3d Cir. 2016) (affirming the district court's dismissal of claims based upon *Rooker-Feldman* grounds).

The proper way for Kaya to proceed at this juncture would be to seek review and relief by utilizing the motion and appellate procedures of the New Jersey State Courts and then to seek certiorari directly to the United States Supreme Court, because this Court is prohibited from providing any relief that would effectively reverse the decisions, directly or indirectly invalidate the determinations, prevent the enforcement of the orders, or void the rulings issued by the New Jersey State Court in the State Foreclosure Action. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) (affirming a district court's dismissal of the claims that were brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine), *pet. for reh'g & reh'g en banc denied*, No. 17-3267 (3d Cir. Apr. 30, 2018); *Todd v. U.S. Bank Nat'l Ass'n*, 685 F. App'x 103, 105–06 (3d Cir. 2017) (holding the same), *pet. for reh'g & reh'g en banc denied*, Nos. 16-1126 & 16-1255 (3d Cir. May 18, 2017), *cert. denied*, 138 S. Ct. 449 (2017). This principle holds true even if the Federal Action could be construed to contain claims under federal law. *See Todd*, 685 F. App'x at 105–06 (affirming dismissal of the claims that were brought in connection with a state foreclosure action as being barred by the *Rooker-Feldman* doctrine, even though the plaintiff therein asserted claims under the Fair Debt Collection Practices Act). Furthermore, the *Rooker-Feldman* bar "encompass[es] final decisions of lower state courts." *E.B. v. Verniero*, 119 F.3d 1077, 1090 (3d Cir. 1997); *see also Port Auth. Police Benevolent Ass'n, Inc. v. Port Auth. of*

*N.Y. & N.J. Police Dep't*, 973 F.2d 169, 177–78 (3d Cir. 1992) (holding the same). Therefore, the defendants' motions to dismiss are granted and the amended complaint is dismissed.

### C. Alternative Grounds for Dismissal

This Court's determination set forth above "precludes the necessity to address [any] alternative grounds for dismissal," but this Court will exercise the discretion to discuss alternative grounds "for the sake of completeness." *Global Naps, Inc. v. Bell Atl.-N.J., Inc.*, 287 F. Supp. 2d 532, 545 n.20 (D.N.J. 2003) (addressing the defendant's alternative grounds for dismissal, even though dismissal was to be granted based upon lack of subject matter jurisdiction).

#### 1. Res Judicata

Kaya is raising claims in the Federal Action that either have been raised or should have been raised in the State Foreclosure Action, and thus those claims are barred by the doctrine of res judicata. *See Lewis v. O'Donnell*, 674 F. App'x 234, 236–37 (3d Cir. 2017) (affirming the district court's dismissal of a plaintiff's claims that arose from an underlying state foreclosure action based upon res judicata), *pet. for reh'g & reh'g en banc denied*, No. 16-2820 (3d Cir. Mar. 3, 2017); *Jacques v. Chase Bank USA, N.A.*, 668 F. App'x 437, 438–39 (3d Cir. 2016) (holding the same), *pet. for reh'g & reh'g en banc denied*, No. 16-1318 (3d Cir. Oct. 17, 2016). Res judicata applies, because: (1) the State Foreclosure Judgment, the January 2018 State Order, and the February 2018 State Order are valid, final, and on the merits; (2) the parties in the State Foreclosure Action and the

Federal Action are either the same or in privity with each other; and (3) the claims in the Federal Action arise from the same transactions and occurrences underlying the State Foreclosure Action. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984). As with this Court's determination above concerning the *Rooker-Feldman* doctrine, the res judicata doctrine applies even if the Federal Action can be construed to assert federal claims. See *Lewis*, 674 F. App'x at 237 (affirming dismissal of Fair Debt Collection Practices Act claims and Racketeer Influenced and Corrupt Organizations Act claims that were brought in connection to a state foreclosure action pursuant to res judicata, and holding that the plaintiffs should have raised those claims in that state foreclosure action). Therefore, this Court could also grant the defendants' motions pursuant to the res judicata doctrine.

### 2. Entire-Controversy Doctrine

Kaya's claims are also barred by the entire-controversy doctrine, because she could have raised any allegations concerning the defendants' conduct in the State Foreclosure Action. *See Lui v. Comm'n On Adult Entm't Establishments*, 369 F.3d 319, 326 (3d Cir. 2004) (holding that the state courts are "every bit as competent to deal with . . . claims . . . as are federal courts and this, of course, includes the ability to address claims under both the State constitution and the Federal constitution").

The entire-controversy doctrine, "which does not require commonality of issues, precludes a party from later bringing claims that could have been joined in the earlier action," particularly when those claims "arise from related facts or the same transaction

or series of transactions." *Zahl v. Warhaftig*, 655 F. App'x 66, 76 (3d Cir. 2016) (internal quotes and citations omitted); *see Opdycke v. Stout*, 233 F. App'x 125, 129 n.6 (3d Cir. 2007) (setting forth the broad reach of the entire-controversy doctrine). The entire-controversy doctrine applies even if the Federal Action can be construed to assert federal claims. *See McCue v. Emigrant Mortg. Co.*, No. 16-960, 2017 WL 3151230, at *2–4 (D.N.J. July 24, 2017) (dismissing Truth in Lending Act claims and Fair Debt Collection Practices Act claims that were brought in connection to a state foreclosure action under the entire-controversy doctrine, and holding that the plaintiffs should have raised those claims in that state foreclosure action). As a result, Kaya is precluded from bringing her claims in the Federal Action against the defendants. *See Bembry v Twp. of Mullica*, No. 17-3066, 2018 WL 4519957, at *2 (3d Cir. Sept. 20, 2018) (affirming the district court's dismissal of a plaintiff's claims that arose from an underlying state foreclosure action pursuant to the entire-controversy doctrine). Therefore, this Court could also grant the motions pursuant to the entire-controversy doctrine.

### 3. *Younger* Abstention

This Court could also abstain from exercising jurisdiction over the Federal Action pursuant to the *Younger* abstention doctrine, because: (1) the State Foreclosure Action may be construed to be ongoing; (2) important state interests are implicated in the State Foreclosure Action; and (3) there is an adequate opportunity to raise federal claims in the New Jersey State Courts. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982); *Younger v. Harris*, 401 U.S. 37, 43–54 (1971). This Court is

barred from interfering with the State Foreclosure Action if it is indeed ongoing. *See Cunningham v. Mortg. Contracting Servs. LLC*, 634 F. App'x 361, 362 (3d Cir. 2016) (affirming dismissal of claims brought in connection to a state foreclosure action as being barred by *Younger* abstention); *Jacques*, 668 F. App'x at 438–39 (holding the same).[1]

### III. CONCLUSION

For the aforementioned reasons, this Court: (1) grants the motions by the defendants to dismiss the claims that are asserted against them; and (2) dismisses the amended complaint. An appropriate order accompanies this Opinion.

Date: October 9th, 2018

JOSE L. LINARES
Chief Judge, United States District Court

---

1 The Third Circuit Court of Appeals issued *Jacques* and *Cunningham* after the United States Supreme Court issued *Sprint Communications, Inc. v. Jacobs*, 571 U.S. 69 (2013), and thus they are persuasive.